IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LINDA L. SCOTT, Individually and
On Behalf of Others Similarly Situated**                               **PLAINTIFFS**

v.                                                        Civil No. 1:09CV212-HSO-JMR

**CABLE ONE, INC.**                                                    **DEFENDANT**

### MEMORANDUM OPINION AND ORDER DENYING
### MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE

BEFORE THE COURT is the Motion for Summary Judgment [13], of Defendant Cable One, Inc. Plaintiff has filed a Response [20], and Cable One a Reply [24]. Plaintiff has also filed a Sur-Rebuttal [26], and Cable One a Response [28] and Notice of Supplemental Authority [29]. After consideration of the parties' submissions, the record, and the relevant legal authorities, and for the reasons discussed below, the Court finds that Cable One's Motion for Summary Judgment [13], should be denied as premature.

### I. BACKGROUND

Plaintiff filed her Amended Complaint against Cable One on March 13, 2009. She alleges violations of the Sherman Antitrust Act, 15 U.S.C. § 1, as well as of the Mississippi Unfair Trade Practices and Consumer Protection Laws. *See* Am. Compl. [10]. Prior to the holding of the Case Management Conference, and prior to the conducting of any discovery, Cable One filed a Motion for Summary Judgment [13], pursuant to Federal Rule of Civil Procedure 56. Cable One contends that the allegations set forth in the Amended Complaint are untrue, such that summary judgment is appropriate. All discovery in this matter has been stayed pending

resolution of this Motion. *See* October 1, 2009, Text Order; *see also* May 17, 2010, Minute Entry.

Federal Rule of Civil Procedure 56 governs motions for summary judgment. Rule 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

Cable One has submitted the affidavit of Scott Randall, the General Manager of its Biloxi System, to contradict two of Plaintiff's factual allegations which, it contends, are the basis for all Counts in the Amended Complaint. *See* Randall Aff. [15]. These factual claims are: (1) that Cable One customers are required to rent a digital cable converter box from Cable One in order to view premium and digital programming from Cable One; and, (2) that Cable One failed to offer the basic cable service required by the Communications Act of 1934, § 623(b), as amended, 47 U.S.C. 543(b)(7)(A). *See* Mem. in Supp. of Mot. at p. 2-3.

Plaintiff asserts that she cannot adequately oppose the Motion without the opportunity for discovery, and requests relief pursuant to Rule 56(f). *See* Mem. in Supp. of Resp. at p. 4. Rule 56(f) provides that:

> [i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court

> may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order.

FED. R. CIV. P. 56(f).

Rule 56(f) discovery motions are "broadly favored and should be liberally granted." *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006). The Rule "allows for further discovery to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Id*. Though Plaintiff has not filed a formal Rule 56(f) motion, this Court has held that "[w]hen a party files a brief opposing the motion for summary judgment and informs the court of the need for additional discovery, these documents can combine to serve 'as the functional equivalent' of a Rule 56(f) motion." *Travelers Property Cas. Co. of America v. Dillard's, Inc.*, No. 2:07cv312, 2008 WL 886099, at * 2 (S.D. Miss. 2008) (*citing Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002)).

While Rule 56 allows a party to move for summary judgment "at any time," *see* FED. R. CIV. P. 56, it "presupposes that a party opposing a motion for summary judgment has had an adequate time for discovery of evidence of contradictory facts," *Isaacson v. Waste Management, Inc.*, No. 1:08cv438, 2009 WL 2408374, at *1 (S.D. Miss. Aug. 3, 2009) (*quoting Lewis v. Federal Reserve Bank of Atlanta-New Orleans*, 04-1452, 2004 WL 2035006, at *4 (E.D. La. Sept. 10, 2004)); *see also Milligan v. Chase Home Finance, LLC,* No. 1:08cv32, 2009 WL 562165, at * 1 (N.D. Miss. March 4, 2009) (*citing Celotex*, 477 U.S. at 322). Moreover, "in antitrust cases, where 'the proof is largely in the hands of the alleged conspirators,' dismissals prior to giving the

plaintiff ample opportunity for discovery should be granted very sparingly." *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 746 (1976) (internal citations omitted) (reversing 12(b)(6) dismissal in an antitrust case).

The parties here have not yet conferred pursuant to Federal Rule of Civil Procedure 26(f) and therefore no discovery has taken place. *See* FED. R. CIV. P. 26(d). Moreover, all discovery has been stayed by Court Order. *See* October 1, 2009, Text Order; *see also* May 17, 2010, Minute Entry. Based upon the foregoing, the Court finds that Cable One's Motion for Summary Judgment is premature, and that Plaintiff should be afforded an opportunity to conduct discovery.

## II.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion for Summary Judgment [13], of Defendant Cable One, Inc., pursuant to Federal Rule of Civil Procedure 56, should be and hereby is **DENIED WITHOUT PREJUDICE**, with leave to reassert upon the conclusion of discovery in this case.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the parties are directed to contact Chief United States Magistrate Judge John M. Roper within seven (7) calendar days of entry of this Order, or on or before Wednesday, August 4, 2010, in order to schedule a Case Management Conference.

**SO ORDERED AND ADJUDGED**, this the 28th day of July, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE